ORDER DECLINING TO ANSWER

OPENING STATEMENT

[1] We decline to answer the certified question raised by the Hopi Tribal Court, through Judge Delfred Leslie, for the reasons set forth below.

FACTUAL & PROCEDURAL BACKGROUND

[2] On November 3, 2004, after holding a hearing on the matter, the Hopi Tribal Council removed Mr. Caleb Johnson as Vice Chairman of the Hopi Tribe through Resolution 11-003-2004.
[31 On December 27, 2004, Mr. Johnson filed notice with the Hopi Tribal Court appealing his removal on the grounds that the Hopi Tribal Council’s decision violated the Constitution and By-Laws of the Hopi Tribe and the Indian Civil Rights Act, 25 U.S.C. § 1302. In his notice, Mr. Johnson alleged that the refusal by Council members he called as witnesses to testify at the November 3rd proceeding violated his rights under the Hopi Constitution to be given “a full opportunity to hear the charges against him and to defend himself before the Council.” The Constitution and By-Laws of the Hopi Tribe (1930). He claims these refusals also constituted a violation of the Indian Civil Rights Act, which prohibits Indian tribes, “in exercising the powers of self-government” to deny any person of liberty or property without due process of law. Indian Civil Rights Act, 25 U.S.C.A. § 1301(8).
[4] Mr. Johnson alleged other violations in the proceeding, including the participation of the eleven council members who signed a letter calling for “corrective action” against him, the act which spurred the adjournment of the proceeding. Their “obvious bias” against him, he claims, resulted in denials of his due process rights to a neutral and impartial tribunal when they were allowed to vote in the decision regarding his removal. Finally Mr. Johnson alleged that the proceeding was procedurally flawed because the Chairman cast a vote in the decision, even though Hopi law requires that the Chairman vote on Tribal Council resolutions only to break a tie in the votes of other council members.
[5] On January 4, 2005, the Hopi Tribal Court, through Judge Delfred Leslie, filed with this court a petition to answer certified questions of law concerning Mr. Johnson’s notice of appeal (Hopi Tribal Ordinance 21, 1.2.8). Citing an “absence of law or rule which provides this court ... authority or jurisdiction to review Mr. Caleb Johnson’s appeal,” the Hopi Tribal Court certified three questions to this court: 1) Do Hopi Courts have jurisdiction to hear an appeal from the Hopi Tribal Council’s decision removing an elected officer from *393 office; 2) Which Hopi Court, Trial or Appellate, has jurisdiction to hear an appeal from the Hopi Tribal Council’s decision removing an elected tribal official from office; 3) When may an appeal from the Hopi Tribal Council’s decision removing an elected tribal official from office be filed?
[6] On January 7, 2005, the Hopi Tribe, by and through its attorneys, requested the opportunity for the parties to brief matters of law relevant to the Hopi Tribal Court’s January 5, 2005 petition to answer certified questions of law.

ISSUES

[7] The questions presented are not properly raised as certified questions when they require the determination of issues of both fact and law not yet adjudicated by the trial court.

DISCUSSION

 [8] The Hopi Appellate Court has jurisdiction to answer questions of Hopi tribal law, including Hopi constitutional law, certified from any tribal, federal, or state court (Hopi Ordinance 21, 1.2.8). This jurisdiction is entirely discretionary. (“In the exercise of sound discretion, the Hopi Tribal Court of Appeals may decline to answer questions certified to it.” Hopi Ordinance 21, 1.2.8.(c)). Elsewhere this Court has held that it would be “imprudent” to answer questions concerning the jurisdiction of the Hopi Tribal Court over appeals from Tribal Council removal decisions prior to allowing the trial court to develop the full record of the case and decide all issues of fact and law that it believes to be within its powers to adjudicate. Certified Question, Mishongnovi Cultural Preserua tion Board, 02 AP00013 (2004).
[9] In this case, a full record has yet to be developed on similar questions of law and fact concerning Tribal Council’s power to remove the Vice Chairman, and the authority, of the Tribal Court to review that action. Where these issues have not yet been adjudicated it would be premature and contrary to the interests of judicial economy for this court to answer the certified questions posed in this petition.

ORDER OF THE COURT

[10] This Court declines to answer the certified question, because this Court is declining to answer the certified question, it also denies the Hopi Tribe’s request for parties to be given the opportunity to brief the Court on this matter.